IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN T. COLLUM, | ) | 8:12CV17 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAYPAL, and KELLIE CAIN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 15.) Also pending is Plaintiff's Motion for Reconsideration (filing no. 12) and Motion to Continue (filing no. 17). For the reasons discussed below, Defendants' Motion to Dismiss is granted and Plaintiff's Motions are denied.

I.  BACKGROUND

Plaintiff Brian T. Collum ("Collum") filed this action alleging defamation and false light claims against PayPal and Kellie Cain ("Cain"). (Filing No. 1 at CM/ECF pp. 1-2.) PayPal and Cain reside in La Vista, Nebraska. (*Id*. at CM/ECF p. 1.) Collum is a resident of Omaha, Nebraska. (*Id*.)

After being served with summons and the Complaint, Defendants filed a Motion for Extension of Time to file an answer. (Filing No. 10.) On January 25, 2012, the Court granted this Motion via Text Order. (Filing No. 11.) Collum has filed a Motion asking the court to Reconsider. (Filing No. 12.)

On March 9, 2012, Defendants' filed a Motion to Dismiss along with a Brief in Support. (Filing Nos. 15 and 16.) In response, Collum filed a Motion to Continue. (Filing No. 17.)

## II. ANALYSIS

### A. Motion to Reconsider

As discussed above, Collum has filed a Motion asking the court to Reconsider its January 25, 2012, Text Order. (Filing No. 12.) In this Order, the court provided Defendants additional time to file an answer. (Filing No. 11.) Because the court may extend the time to file an answer, the court will deny Collum's Motion to Reconsider. *See* Fed. R. Civ. P. (6)(b)(1) (providing that the court may, for good cause, extend the time to file an answer).

### B. Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### C. Subject Matter Jurisdiction

In their Motion to Dismiss, Defendants argue, among other things, that the court lacks subject matter jurisdiction over Collum's Complaint. (Filing No. 16 at CM/ECF pp. 4-5; Filing No. 15.) "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Collum does not allege that his citizenship is different from the citizenship of each Defendant. (Filing No. 1.) Indeed, Defendants are from La Vista, Nebraska, and he is from Omaha, Nebraska. (*Id*. at CM/ECF p. 1.) Thus, Collum has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Nw. S. Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Collum does not set forth any allegations that could be liberally construed to violate a constitutional right or any federal statute. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Collum does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Rather, Collum asserts claims and seeks relief pursuant to state law, such as claims for defamation and false light. (Filing No. 1 at CM/ECF pp. 2, 6.) Accordingly, the court lacks subject matter jurisdiction, and the Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Collum's Motion for Reconsideration (filing no. 12) is denied.

3

2. Defendants' Motion to Dismiss (filing no. 15) is granted.

3. Collum's Motion to Continue (filing no. 17) is denied.

4. Collum's Complaint (filing no. 1) is dismissed without prejudice.

5. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of May, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.